**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| STEPHANIE SILVIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WEST SHORE HOME, LLC<br><br>Defendant. | No. ______________________________<br><br>CLASS ACTION COMPLAINT<br><br><u>JURY TRIAL DEMANDED</u> |

## <u>CLASS ACTION COMPLAINT</u>

1. Stephanie Silvis ("Plaintiff") brings this class action against West Shore Home, LLC ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from

telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

3. Unsolicited telemarketing phone calls or text messages are the quintessential harm targeted by the Telephone Consumer Protection Act of 1991 ("TCPA"). The TCPA also restricts contacting individuals who have previously requested to no longer be contacted and the time of day that they are permitted to be contacted. The Federal Communications Commission, in implementing the TCPA, expressly prohibited calls "before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location)" recognizing that such calls are particularly intrusive. 47 C.F.R. § 64.1200(c)(1). These time-of-day limitations serve a critical function in minimizing the unwanted disturbance caused by telemarketing calls.

4. Plaintiff now files this lawsuit seeking injunctive relief, requiring Defendant to cease placing unsolicited calls to residential numbers before 8 a.m. and after 9 p.m., and to individuals who have previously requested to no longer be contacted.

## **JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction under 47 U.S.C. § 227 and 28 U.S.C. § 1331.

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

7. This Court has personal jurisdiction over Defendant because it regularly conducts business in this District, including making telemarketing solicitations into this District and soliciting business from this District.

## **PARTIES**

8. Plaintiff is a natural person that resides in this District.

9. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

10. Defendant is a limited liability company.

11. Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

**FACTUAL ALLEGATIONS**

12. Plaintiff Stephanie Silvis is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

13. Plaintiff's telephone number is 724-840-XXXX.

14. Plaintiff's telephone number, 724-840-XXXX., has been on the National Do Not Call Registry since April 2005.

15. Plaintiff's telephone number, 724-840-XXXX, was used to place and receive calls exclusively for personal, residential, and household purposes.

16. Plaintiff's telephone number, 724-840-XXXX, is not associated with any business, not does Plaintiff use her telephone number for business purposes.

17. Plaintiff has never been a customer of Defendant.

18. At no point has Plaintiff sought out or solicited information regarding Defendant's products or services prior to receiving the telephone calls at issue.

19. Plaintiff has never consented to receive telephone calls from Defendant.

20. Despite this, Plaintiff has received numerous telemarketing calls and voicemail solicitations from Defendant.

21. The calls were initiated for purposes of advertising Defendant's bathroom remodeling services.

22. Sometimes, Defendant would leave Plaintiff voicemails which followed a similar script such as:

> *"Hi Stephanie, this is Amanda with West Shore Home. We received the web form you filled out online to get more information on a bathroom model. You can reach us at (855) 441-1572. Our current promotion is 25% off and an extra $500 off and not in September 20 so give us a call. Again, my name is Amanda with West Shore Home and you can reach me at (855) 441-1572. Have a great day…"*

23. Plaintiff received no less than twelve (12) calls from Defendant on September 15, 2025, including the following:

a. At 8:40 a.m. from Defendant's number (724) 690-3804;

b. At 8:42 a.m. from Defendant's number (412) 783-2522;

c. At 8:42 a.m. from Defendant's number (724) 409-4012;

d. At 8:43 a.m. from Defendant's number (878) 217-7129;

e. At 8:44 a.m. from Defendant's number (814) 900-7971;

f. At 8:44 a.m. from Defendant's number (412) 790-6132;

g. At 8:46 a.m. from Defendant's number (878) 217-7129;

h. At 9:11 a.m. from Defendant's number (724) 291-4434;

i. At 10:14 a.m. from Defendant's number (412) 489-0512;

j. At 11:45 a.m. from Defendant's number (412) 887-1879;

k. At 11:51 a.m. from Defendant's number (415) 490-2063; and

l. At 2:07 p.m. from Defendant's number (724) 277-5432.

24. On September 15, 2025, at 8:42 a.m., after the caller identified itself as the Defendant, Plaintiff made a verbal do-not-call request. Plaintiff made two more verbal do-not-call requests the same day, including at 8:43 a.m. and at 8:46 a.m.

25. Despite making multiple do-not-call requests, Plaintiff received three more calls from Defendant on September 16, 2025, including at 6:44 a.m. from (413) 533-3829; at 9:32 a.m. from (724) 343-3257; and at 4:08 p.m. from (724) 277-5342.

26. One of the voicemails Plaintiff received from Defendant stated, “You can reach us at (855) 441-1572.” Thus, Plaintiff called (855) 441-1572 on September 16, 2026, at approximately 9:36 a.m., and made another verbal do-not-call request.

27. Despite making a fourth do-not call request, Defendant continued to bombard Plaintiff with telemarketing solicitations. Within one week, Plaintiff received no less than twenty-six (26) calls from Defendant, including:

a. September 17, 2025, at 8:21 a.m. from Defendant’s number (724) 313-5728;

b. September 17, 2025, at 10:54 a.m. from Defendant’s number (661) 462-2426;

c. September 17, 2025, at 12:15 p.m. from Defendant’s number (878) 222-4736;

d. September 17, 2025, at 12:51 p.m. from Defendant’s number (724) 401-0195;

e. September 17, 2025, at 4:18 p.m. from Defendant’s number (878) 222-4736;

f. September 18, 2025, at 7:24 a.m. from Defendant’s number (724) 470-0285;

g. September 18, 2025, at 12:28 p.m. from Defendant’s number (724) 470-0277;

h. September 19, 2025, at 7:42 a.m. from Defendant’s number (724) 546-9302;

i. September 19, 2025, at 11:59 a.m. from Defendant’s number (724) 343-3318;

j. September 22, 2025, at 6:26 a.m. from Defendant’s number (724) 343-3336;

k. September 22, 2025, at 10:33 a.m. from Defendant’s number (814) 985-5160;

l. September 22, 2025, at 11:08 a.m. from Defendant’s number (724) 313-5358;

m. September 22, 2025, at 2:06 p.m. from Defendant’s number (412) 729-2565;

n. September 22, 2025, at 5:22 p.m. from Defendant’s number (412) 887-2930;

o. September 22, 2025, at 5:57 p.m. from Defendant's number (272) 207-3430;

p. September 22, 2025, at 11:05 p.m. from Defendant's number (717) 993-1961;

q. September 23, 2025, at 6:07 a.m. from Defendant's number (724) 364-1085;

r. September 23, 2025, at 6:36 a.m. from Defendant's number (412) 634-5913;

s. September 23, 2025, at 9:36 a.m. from Defendant's number (412) 634-5913;

t. September 23, 2025, at 9:54 a.m. from Defendant's number (724) 896-0320;

u. September 23, 2025, at 11:26 a.m. from Defendant's number (412) 729-2565;

v. September 23, 2025, at 12:16 p.m. from Defendant's number (267) 209-2581;

w. September 23, 2025, at 1:25 p.m. from Defendant's number (724) 343-3339;

x. September 23, 2025, at 2:37 p.m. from Defendant's number (412) 729-2597;

y. September 23, 2025, at 4:38 p.m. from Defendant's number (272) 218-2345; and

z. September 23, 2025, at 5:56 p.m. from Defendant's number (412) 729-2597.

28. Over the course of the following week, Plaintiff received an outstanding thirty-two (32) calls from Defendant, including on:

a. September 24, 2025, at 6:03 a.m. from Defendant's number (724) 364-1123;

b. September 24, 2025, at 6:30 a.m. from Defendant's number (412) 729-2565;

c. September 24, 2025, at 8:30 a.m. from Defendant's number (412) 634-5913;

d. September 24, 2025, at 10:20 a.m. from Defendant's number (267) 209-2576;

e. September 24, 2025, at 11:31 a.m. from Defendant's number (412) 729-2597;

f. September 24, 2025, at 1:02 p.m. from Defendant's number (724) 896-0327;

g. September 24, 2025, at 1:31 p.m. from Defendant's number (412) 634-5913;

h. September 24, 2025, at 2:03 p.m. from Defendant's number (814) 209-9027;

i. September 24, 2025, at 3:51 p.m. from Defendant's number (253) 270-3615;

j. September 24, 2025, at 4:15 p.m. from Defendant's number (724) 550-2032;

k. September 24, 2025, at 4:31 p.m. from Defendant's number (412) 664-5862;

l. September 24, 2025, at 4:58 p.m. from Defendant's number (570) 256-1276;

m. September 25, 2025, at 7:12 a.m. from Defendant's number (412) 634-5913;

n. September 25, 2025, at 10:11 a.m. from Defendant's number (724) 404-6015;

o. September 25, 2025, at 10:12 a.m. from Defendant's number (412) 664-5862;

p. September 25, 2025, at 11:34 a.m. from Defendant's number (570) 255-6525;

q. September 25, 2025, at 12:13 p.m. from Defendant's number (412) 729-2597;

r. September 25, 2025, at 2:41 p.m. from Defendant's number (878) 777-2207;

s. September 25, 2025, at 3:13 p.m. from Defendant's number (412) 664-5862;

t. September 25, 2025, at 3:53 p.m. from Defendant's number (253) 385-3643;

u. September 25, 2025, at 4:48 p.m. from Defendant's number (215) 234-1491;

v. September 25, 2025, at 5:44 p.m. from Defendant's number (412) 664-5862;

w. September 27, 2025, at 7:58 a.m. from Defendant's number (412) 729-2597;

x. September 27, 2025, at 10:58 a.m. from Defendant's number (412) 664-5862;

y. September 27, 2025, at 12:54 p.m. from Defendant's number (530) 349-0846;

z. September 27, 2025, at 12:59 p.m. from Defendant's number (412) 729-2565;

aa. September 27, 2025, at 4:06 p.m. from Defendant's number (412) 729-2565;

bb. September 29, 2025, at 7:24 a.m. from Defendant's number (412) 887-2930;

cc. September 29, 2025, at 10:24 a.m. from Defendant's number (412) 729-2565;

dd. September 29, 2025, at 12:24 p.m. from Defendant's number (412) 664-5862;

ee. September 29, 2025, at 2:19 p.m. from Defendant's number (223) 204-3118; and

ff. September 29, 2025, at 3:25 p.m. from Defendant's number (412) 664-5862.

29. Many of Defendant's spam telephone calls appear to come from Plaintiff's area code (724), possibly due to a technique called "spoofing." This technique is used to trick people into believing the call is legitimate and from someone they might know, making it more likely to be answered.

30. However, the majority of the area codes used by Defendant originate from Pennsylvania, which is where Defendant is based.

31. Defendant's constant telemarketing calls are more than just a nuisance. They are emotionally draining. The relentless ringing of Plaintiff's phone has invaded her personal time and interrupted her work, such that she feels harassed and overwhelmed.

32. Worse, many of the Defendant's calls to Plaintiff were before 8:00 a.m. and after 9:00 p.m., including the calls on September 16 at 6:44 a.m.; on September 18 at 7:24 a.m.; on September 19 at 7:42 a.m.; on September 22 at 6:26 a.m. and 11:05 p.m.; on September 23 at 6:07 a.m. and 6:36 a.m.; on September 24 at 6:03 a.m. and 6:30 a.m.; on September 25 at 7:12 a.m.; September 27 at 7:58 a.m.; and on September 29 at 7:24 a.m.

33. Defendant's early-morning and late-night calls are not only illegal under the TCPA, but also highly invasive and disrespectful, turning moments of rest into stress and frustration. Indeed, Defendant's harassing calls have disrupted Plaintiff's sleep.

34. Defendant's persistent intrusions are causing Plaintiff significant emotional distress, anxiety, and a sense of helplessness, especially since they continue at all hours of the

day despite her repeated requests to Defendant to stop. Because of Defendant, Plaintiff can never fully relax or feel at ease, even in her own home.

35. Plaintiff is not alone in receiving spam calls from Defendant, as many other individuals have also received spam calls as evidenced by Defendant's online reviews.[1] The below are a just a few screenshots from that page:

Example #1:




\\

\\

\\

\\

[1] *West Shore Home,* GOOGLE MAPS, https://www.google.com/maps/place/West+Shore+Home/@40.2003319,-81.8451739,7z/data=!4m12!1m2!2m1!1sWest+Shore+Home!3m8!1s0x89c8e829c5ebfe53:0xbeec503548e16f2f!8m2!3d40.2003319!4d-76.9672442!9m1!1b1!15sCg9XZXN0IFNob3JlIEhvbWUiA4gBAVoRIg93ZXN0IHNob3JlIGhvbWWSARJiYXRocm9vbV9yZW1vZGVsZXKqAVwKDS9nLzExdmJ6eTVyemsQASoTIg93ZXN0IHNob3JlIGhvbWUoADIfEAEiG6XpNIYP9kIXwHQt1-57o7nJyZvAtWi8HIHccDITEAIiD3dlc3Qgc2hvcmUgaG9tZeABAA!16s%2Fg%2F124sqsv4x?entry=ttu&g_ep=EgoyMDI1MDkxNS4wIKXMDSoASAFQAw%3D%3D

Example #2:

L T 1983 (LT1983)
Local Guide · 26 reviews · 1 photo

★☆☆☆☆ 6 years ago

They keep **call**ing . If you are a previous coustomer they will **call** almost every day. Even if you say not to **call** again They will keep **call**ing. Since they are desperate for new jobs they will keep harassing. Marking the **call**s as ... More

4 Share

Response from the owner 6 years ago
Hello, Lauren. It looks like we only called you twice in the past few months. I understand that you were frustrated with the calls. However, is it really worth a one star review after we provided you an excellent product and installation?

Example #3:

kismet pa
59 reviews

★☆☆☆☆ 10 years ago

Had I known that they were relentless sales people first and foremost I would have never contacted them. I asked them from the beginning to not **call** me, to please contact me via email. They immediately started **call**ing 2-4 times a day...during my work hours when I'm not available to take the **call**. All of the other contractors I contacted did exactly what I asked of them and I decided to go with the services of another company, not West Shore b/c they've never once emailed me. At one point, after about 26 phone **call**s I told West Shore this and asked them to stop **call**ing. THEY STILL **CALL** DAILY. They just want to "check in and see if I have any other window or door needs." Hate to break it to you, but by **call**ing people dozens of times a week you're NOT going to get their business.

8 Share

36. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

37. Plaintiff brings this action under Federal Rule of Civil Procedure 23 and as a representative of the following classes:

> **IDNC Class**: All persons within the United States who, within the four years prior to the filing of this lawsuit through the date of class certification, received two or more telemarketing calls within any 12-month period, from or on behalf of West Shore Home, regarding West Shore Home's goods or services, to said person's residential telephone number, *after* communicating to West Shore Home that they did not wish to receive such calls.

> **Early/Late Call Class:** All persons within the United States: (1) who received one or more telephone solicitation calls from West Shore Home or a third party acting on behalf of West Shore Home; (2) before 8:00 a.m. or after 9 p.m. (local time at the called party's location); and (3) within the four years prior to the filing of the Complaint.

38. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

39. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

40. The exact number of the members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

41. The members of the class are ascertainable because they are defined by reference

to objective criteria.

42. In addition, the members of the class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

43. Plaintiff's claims are typical of the claims of the members of the class.

44. As it did for all members of the class, Defendant placed calls to Plaintiff's cellular telephone number before 8:00 a.m. and after 9:00 p.m., despite Plaintiff's do-not-call request.

45. In addition, like all members of the class, Plaintiff did not have an account in collections with Defendant.

46. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

47. Plaintiff's claims are based on the same theories as the claims of the members of the class.

48. Plaintiff suffered the same injuries as the members of the class.

49. Plaintiff will fairly and adequately protect the interests of the members of the class.

50. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

51. Plaintiff will vigorously pursue the claims of the members of the class.

52. Plaintiff has retained counsel experienced and competent in class action litigation.

53. Plaintiff's counsel will vigorously pursue this matter.

54. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

55. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

56. Issues of law and fact common to all members of the class include:

a. Defendant's violations of the TCPA;

b. Defendant's conduct, pattern, and practice as it pertains to placing calls before 8:00 a.m. and after 9:00 p.m.;

c. Defendant's conduct, pattern, and practice as it pertains to placing calls to individuals who issue do-not-call requests;

d. The availability of statutory penalties.

57. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

58. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

59. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

60. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

61. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

62. The damages suffered by individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

63. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

64. There will be little difficulty in the management of this action as a class action.

65. Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)**
**(On Behalf of Plaintiff and the IDNC as well as the Early/Late Class)**

66. Plaintiff realleges and incorporates the foregoing allegations set forth in paragraphs 1 through 65 as if fully set forth herein.

67. In pertinent part, 47 C.F.R. § 64.1200(d) provides:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:
>
> (1) *Written policy*. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) *Training of personnel engaged in telemarketing*. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) *Recording, disclosure of do-not-call requests.* If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place

> the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

68. Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

69. Plaintiff and Class Members are residential telephone subscribers who received more than one telemarketing call made for purposes of telemarketing or solicitation purposes from Defendant, who has failed to implement the requisite procedures and personnel training as demonstrated by its repeated failure to honor opt-out requests.

70. Plaintiff and Class Members made requests to Defendant not to receive telemarketing calls from Defendant.

71. Plaintiff and Class Members revoked any consent they may have previously provided Defendant by replying with a “stop” or similar opt-out instruction in response to Defendant’s calls.

72. Plaintiff and Class Members revoked any consent they may have provided Defendant by responding with “stop” or similar opt-out instructions.

73. Defendant continued to call Plaintiff and Class Members to harass them into making purchases from Defendant.

74. Defendant failed to honor Plaintiff's and Class Members ' opt-out requests.

75. Defendant's refusal to honor opt-out requests is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

76. Plaintiff and Class Members are informed and believe that Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls.

77. Plaintiff and Class Members are informed and believe that Defendant does not have a written policy, available upon demand, for maintaining a do-not-call list.

78. Plaintiff and Class Members are informed and believe that Defendant does not train its personnel engaged in any aspect of telemarketing in the existence and use of the do-not-call list.

79. The details and specific facts regarding Defendant's failure to maintain the required policies and procedures, as well as personnel training, are solely within Defendant's knowledge and possession.

80. Defendant has violated 47 C.F.R. § 64.1200(d) by failing to honor opt-out requests, failing to maintain the required policies and procedures, and failing to train its personnel engaged in telemarketing.

81. Pursuant to section 227(c)(5) of the TCPA, Plaintiff and Class Members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation.

82. As a result of Defendant's knowing or willful conduct, Plaintiff and Class Members are entitled to an award of $1,500.00 in statutory damages per violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as counsel for the class under Federal Rule of Civil Procedure 23;

d) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227;

e) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227;

f) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

g) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

*[Attorney signature block to follow on next page.]*

Dated: October 3, 2025

By: */s/ Samuel J. Strauss*
Samuel J. Strauss, WSBA #46971
**STRAUSS BORRELLI PLLC**
980 N Michigan Ave., Suite 1610
Chicago, Illinois 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com

*Attorneys for Plaintiff and the Putative Class*